1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JIMMIE STEPHEN,                                  No. C 15-1288 SI (pr)

           Petitioner,                        **ORDER TO SHOW CAUSE**

    v.

R. DAVIS, warden,

          Respondent.

_____/

## INTRODUCTION

Jimmie Stephen, a prisoner incarcerated at San Quentin State Prison, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge a disciplinary decision. His petition is now before the court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

## BACKGROUND

The petition for writ of habeas corpus indicates that Stephen received a CDCR-115 rule violation report after prison officials found marijuana in his cell on October 3, 2014. Docket # 1 at 5. The petition states that Stephen was found guilty and received "150 days & drug testing for a year & transfer to drug program on 2-10-15." *Id.* Stephen alleges that he filed an unsuccessful challenge to the disciplinary decision in the California Supreme Court in 2015. *Id.* at 2-3. He then filed this action.

United States District Court
For the Northern District of California

**DISCUSSION**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

The petition for writ of habeas corpus is rather garbled, but appears to allege the following claims: (1) the denial of a staff assistant for the disciplinary matter violated his rights; (2) the failure to call Stephen's cellmate, Woods, as a witness denied him due process; and (3) he was denied due process when he was sentenced on December 15, 2014 but his cellmate was not disciplined.

Liberally construed, the first two claims are cognizable in a federal habeas action and warrant a response. *See Wolff v. McDonnell*, 418 U.S. 539, 570 (1974) ("[w]here an illiterate inmate is involved . . . or where the complexity of the issues makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case, he should be free to seek the aid of a fellow inmate, or . . . to have adequate substitute aid . . . from the staff or from a[n] . . . inmate designated by the staff"); *id.* at 566 (inmate should be allowed to call witnesses when relevant to his defense and "when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals").

The third claim alleged in the petition does not present a cognizable claim for habeas relief and must be dismissed. The procedural requirements imposed by *Wolff* do not include a requirement that both  cellmates be found guilty and disciplined when contraband is found within a shared cell. The due process requirement that there be "some evidence" to support a disciplinary decision, *see Superintendent v. Hill*, 472 U.S. 445, 455 (1985), also does not

United States District Court
For the Northern District of California

1   mandate that all prisoners who share a cell must be found guilty when contraband is found in the
2   cell.  Therefore, the allegation that Stephen's cellmate was not also disciplined does not state a
3   claim for a due process violation or otherwise invalidate the disciplinary decision against
4   Stephen.

5        After filing this action, Stephen filed a one-page document labeled "Judicial Notice."
6   Docket # 4.  The court does not understand the document or its purpose.  If Stephen wants to
7   challenge another disciplinary decision, he should file a new petition for writ of habeas corpus.
8   In the present action, Stephen should concentrate all his efforts on preparing an intelligible
9   traverse to increase his chances of success on his challenge to the disciplinary decision for the
10  October 3, 2014 marijuana possession charge.  He should not file his traverse until after he reads
11  the respondent's answer to his petition so that he can address the points respondent makes in the
12  answer.

13

14                                **CONCLUSION**

15       For the foregoing reasons,

16       1.      The petition's federal due process claims that he was denied a staff assistant and
17  a witness for the hearing on the CDCR-115 warrant a response.  All other claims are dismissed.

18       2.      The clerk shall serve a copy of this order, the petition and all attachments thereto
19  upon respondent and respondent's attorney, the Attorney General of the State of California.  The
20  clerk also shall serve a copy of this order on petitioner.

21       3.      Respondent must file and serve upon petitioner, on or before **June 26, 2015**, an
22  answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases,
23  showing cause why a writ of habeas corpus should not be issued.  Respondent must file with the
24  answer a copy of all portions of the disciplinary hearing record that are relevant to a
25  determination of the issues presented by the petition.  **If respondent wants to argue that the**
26  **claim is not exhausted or is procedurally barred, he must in the same filing address the**
27  **merits of the claims.**

28

**United States District Court**
For the Northern District of California

1       4.      If petitioner wishes to respond to the answer, he must do so by filing a traverse

2   with the court and serving it on respondent on or before **July 24, 2015**.

3       5.      Petitioner is responsible for prosecuting this case.  He must keep the court

4   informed of any change of address and must comply with the court's orders in a timely fashion.

5   Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to

6   Federal Rule of Civil Procedure 41(b).

7       6.      Petitioner's *in forma pauperis* application is GRANTED.  (Docket # 2.)

8       IT IS SO ORDERED.

9   DATED: April 23, 2015

                                         _____

10                                           SUSAN ILLSTON
                                  United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28